IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JALIL S. REED,

                *Plaintiff*,

v.

C. O. AINSLEY, *et al*,

                *Defendants*.

Civil Action No. 2:24-cv-907

Hon. William S. Stickman IV
Hon. Kezia O. L. Taylor

## ORDER OF COURT

*Pro se* Plaintiff Jalil S. Reed ("Plaintiff"), an inmate confined at SCI-Frackville, brought this civil rights action for events that occurred at SCI-Fayette between May 28, 2024 and June 16, 2024, while he was incarcerated there. (ECF No. 15). Pending before the Court is Defendants C.O. Ainsley ("Ainsley"), Sgt. Boland ("Boland"), C.O. Bridget ("Bridget"), C.O. Cooper ("Cooper"), Lt. Daily ("Daily"), Lt. Dilard ("Dilard"), C.O. R. Shea AKA Jim Fainio ("Fainio"), Lt. Fleegle ("Fleegle"), P.S.S. Gina ("Gina"), C.O. Ginnerly ("Ginnerly"), C.O. Glover ("Glover"), C.O. Higinbotham ("Higinbotham"), C.O. Hutch ("Hutch"), C.O. Kniper ("Kniper"), C.O. Knizer ("Knizer"), C.O. Masakeco ("Masakeco"), C.O. McWilliams ("McWilliams"), Sgt. Nahles ("Nahles"), C.O. Perkins ("Perkins"), C.O. F.D. Piper ("Piper"), C.O. Shawn ("Shawn"), C.O. Thomas ("Thomas"), Deputy Warden Tkacs ("Tkacs"), Superintendent Tina Walker ("Walker"), C.O. Wilson ("Wilson"), and Sgt. Wooldridge's ("Wooldridge") (collectively "Corrections Defendants") Motion to Dismiss Amended Complaint for Failure to State a Claim. (ECF No. 40). Magistrate Judge Kezia O. L. Taylor issued an October 31, 2025, Report and Recommendation that the motion be granted. (ECF No. 69). The

1

parties were given the opportunity to file objections, and Plaintiff did so on November 13, 2025. (ECF No. 75). On March 2, 2026, the case was transferred from the Honorable David S. Cercone to the undersigned.

Objections to a magistrate judge's disposition of a dispositive matter are subject to *de novo* review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a *de novo* determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id*. Following *de novo* review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Upon review of Magistrate Judge Taylor's Report and Recommendation, the objections filed thereto, and the Court's *de novo* review of the record in this matter, IT IS HEREBY ORDERED that Plaintiff's objections (ECF No. 75) are OVERRULED. The Court concurs with Magistrate Judge Taylor's thorough analysis and her legal conclusions. It has independently reached the same legal conclusions for the same reasons expressed in the Report and Recommendation. Therefore, the Court hereby APOPTS Magistrate Judge Taylor's Report and Recommendation (ECF No. 69) as its Opinion.

AND NOW, this 4th day of March 2026, IT IS HEREBY ORDERED that Defendants' motion to dismiss (ECF No. 40) is GRANTED IN PART and DENIED IN PART. It is DENIED without prejudice as to Corrections Defendants' request to dismiss the complaint for failure to exhaust administrative remedies. It is GRANTED as follows:

1. All claims asserted against Corrections Defendants in their official capacities are DISMISSED WITH PREJUDICE;

2. The retaliation claim asserted against Wilson and Shawn is DISMISSED WITH PREJUDICE as amendment would be futile;[1]

3. The retaliation claim premised on Corrections Defendants' verbal threats and harassment is DISMISSED WITH PREJUDICE as amendment would be futile;

4. All claims brought pursuant to the Fifth Amendment are DISMISSED WITH PREJUDICE as amendment would be futile;

5. Any Fourteenth Amendment claim predicated on Corrections Defendants' verbal threats and harassment is DISMISSED WITHOUT PREJUDICE; and

6. Plaintiff's state law claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff shall file an amended complaint in compliance with Federal Rule of Civil Procedure 8 on or before **April 23, 2026**, and it must: (1) be a pleading that stands by itself without reference to other filings in this case; and (2) not re-allege claims that have been dismissed with prejudice.

---

[1] *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility). An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 James Wm. Moore et al., *Moore's Federal Practice* ¶ 15.15 (3d ed. 2024).

Should Plaintiff elect not to file an amended complaint, this case will move forward against Cooper, Nahles, and Ainsley on an access to courts claim, and against C.O. Kinzer, C.O. Carns, Shea, Higinbotham, Nurse John Doe 4, and Nurse Jane Doe 5, on a deliberate indifference to medical care claim, only.

BY THE COURT:

s/ William S. Stickman IV
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE