IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JALIL S. REED,<br><br>            *Plaintiff*,<br><br>      v.<br><br>C. O. AINSLEY, *et al*,<br><br>            *Defendants*. | Civil Action No. 2:24-cv-907<br><br>Hon. William S. Stickman IV<br>Hon. Kezia O. L. Taylor |

### ORDER OF COURT

*Pro se* Plaintiff Jalil S. Reed ("Plaintiff"), an inmate confined at SCI-Frackville, brought this civil rights action for events that occurred at SCI-Fayette between May 28, 2024 and June 16, 2024, while he was incarcerated there. (ECF No. 15). Pending before the Court is Plaintiff's Motion for a Preliminary Injunction, Emergency Hearing and Temporary Restraining Order (ECF No. 37). Magistrate Judge Kezia O. L. Taylor issued a November 3, 2025, Report and Recommendation that the motion be denied. (ECF No. 71). The parties were given the opportunity to file objections, and Plaintiff did so on November 13, 2025. (ECF No. 75). On March 2, 2026, the case was transferred from the Honorable David S. Cercone to the undersigned.

Objections to a magistrate judge's disposition of a dispositive matter are subject to *de novo* review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a *de novo* determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id*. Following *de novo* review, "[t]he district judge may accept, reject, or modify the recommended disposition;

1

receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Upon review of Magistrate Judge Taylor's Report and Recommendation, the objections filed thereto, and the Court's *de novo* review of the record in this matter, IT IS HEREBY ORDERED that Plaintiff's objections (ECF No. 75) are OVERRULED.  A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted).  The Court concurs with Magistrate Judge Taylor's thorough analysis and her legal conclusion that the extraordinary remedy of a preliminary injunction is not appropriate.  Therefore, the Court hereby APOPTS Magistrate Judge Taylor's Report and Recommendation (ECF No. 71) as its Opinion.

AND NOW, this 4th day of March 2026, IT IS HEREBY ORDERED that Plaintiff's Motion for a Preliminary Injunction, Emergency Hearing and Temporary Restraining Order (ECF No. 37) is DENIED.

                                        BY THE COURT:


                                        s/ William S. Stickman IV
                                        WILLIAM S. STICKMAN IV
                                        UNITED STATES DISTRICT JUDGE